UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK ANTONIO BURGOS,

    Plaintiff,

v.                                Case No. 8:16-cv-3383-T-33AEP

CORPORAL J. REESE, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, who proceeds in this matter *pro se* and is incarcerated, filed an Amended Complaint (Doc. 6) asserting claims against three law enforcement officers (collectively, "Defendants"), alleging that Defendants violated his constitutional rights. Before the Court is Plaintiff's Affidavit of Indigency (Doc. 7), which the Court construes as a request to proceed *in forma pauperis*. Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). An action is frivolous where the allegations are "clearly baseless" or without an arguable basis either in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if it is without arguable merit either in law or fact."). When a district court determines from the face of the complaint that the factual allegations are baseless or the legal theories are indisputably without merit, the court may conclude that a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*). Where, as here, a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court must review, as soon as practicable, such complaint. 28 U.S.C. § 1915A(a). Upon review, the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

Here, upon review of Plaintiff's originally filed Complaint (Doc. 1) and construed request to proceed *in forma pauperis* (Doc. 2), the Court previously entered an Order (Doc. 4) denying without prejudice Plaintiff's request to proceed *in forma pauperis*. Specifically, the Court instructed Plaintiff that his claim may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and directed Plaintiff to clarify his allegations and state with particularity if Plaintiff was convicted and, if so, whether Plaintiff was challenging the conviction (Doc. 4). Plaintiff subsequently filed an Amended Complaint, asserting that Defendants violated his Fourth Amendment rights regarding illegal search and seizure (Doc. 6, at 9). Plaintiff also contends that he was not the individual who committed an alleged crime, drugs were planted, and the law enforcement officers obtained a warrant based on lies presented to a judge (Doc. 6, at 9).

Significantly, Plaintiff alleges that: "[t]o sum it all up[,] Defendant was wrongfully convicted[] of possession of cocaine, possession of marijuana and possession of [a] firearm" (Doc. 6, at 9). In other words, Plaintiff is seeking to invalidate his underlying conviction premised upon the alleged unlawful search.

As the Court previously explained, however, under *Heck*, a plaintiff may not bring a claim for damages under 42 U.S.C. § 1983[1] "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. A plaintiff's suit may be barred if he must negate "an element of the offense of which he has been convicted" in order to prevail. *Id.* at 486 n.6. Here, Plaintiff's claims may succeed only to the extent that the state court wrongly decided the issues presented to it. Namely, for Plaintiff to succeed on his claims in this action, it appears that there must be a finding that Plaintiff was improperly convicted. Under *Heck*, such claims could not lie since success on his claims in this action would imply the invalidity of his conviction. *Id.* at 487. Furthermore, Plaintiff has not alleged that he lacked a reasonable opportunity to raise his Fourth Amendment claims during the state proceedings. Rather, given the attachments to Plaintiff's Amended Complaint (Doc. 6-1 at 13-31), it appears that Plaintiff pursued in the underlying state prosecution a motion to suppress the evidence pertaining to the alleged unlawful search, but he was unsuccessful with his motion.

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. "To succeed on a 42 U.S.C. § 1983 claim, a plaintiff must show that the violative conduct was committed by a person acting under the color of state law and that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Loren v. Sasser*, 309 F.3d 1296, 1303 (11th Cir. 2002) (internal quotations and citations omitted); *see Doe v. Moore*, 410 F.3d 1337, 1342 (11th Cir. 2005).

As such, any attempt by Plaintiff to seek damages for his claims appear to be barred under *Heck*. Accordingly, for the foregoing reasons, it is

RECOMMENDED:

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 7) be DENIED.

2. Plaintiff's Amended Complaint (Doc. 6) be DISMISSED.

IT IS SO REPORTED in Tampa, Florida, on this 24th day of May, 2017.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

cc: Hon. Virginia M. Hernandez Covington
Plaintiff, *pro se*

4